UNITED STATES COURT OF APPEALS
**Filed 1/7/97**
FOR THE TENTH CIRCUIT

ORLANDO SANCHEZ,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 95-2289
(D.C. No. CIV-94-265-JC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's order affirming the Secretary's[1] denial of plaintiff's applications for disability insurance benefits and supplemental security income. The Secretary determined that plaintiff could do a full range of sedentary work and, therefore, was not disabled at step five of the sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing sequential analysis).

Plaintiff raises several challenges to the Secretary's denial of benefits. "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]" Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996). In the district court, plaintiff's case was referred to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636. In the first paragraph of his report and recommendation, the magistrate judge notified the parties that the failure to file written objections to his findings and recommendations within ten days would waive appellate review. Plaintiff, however, failed to file any objections to the magistrate's report.

"[W]e, like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or

---

[1]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the caption reflects that the Commissioner is now the proper party, we continue to refer to the Secretary in the text because she was the appropriate party at the time of the underlying decision.

recommendations waives appellate review of both factual and legal questions.'" United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir.) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)), cert. denied, 117 S. Ct. 271 (1996). "[W]aiver principles developed in other litigation contexts are equally applicable to social security cases," James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996), including waiver arising from the claimant's failure to file an adequate objection to the magistrate's report and recommendation, see Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996).

Here, plaintiff concedes that her failure to file objections to the magistrate's report precludes her appeal, and we conclude that "the interests of justice do not dictate lifting the bar of appellate review," id. at 376. Therefore, we must AFFIRM the judgment of the United States District Court for the District of New Mexico.

Entered for the Court


Deanell Reece Tacha
Circuit Judge