UNITED STATES COURT OF APPEALS
**Filed 1/24/97**
FOR THE TENTH CIRCUIT

FRANKIE ANN FOWLER, for
Presious Frank, a minor,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
Social Security Administration,*

       Defendant-Appellee.

No. 96-5138
(D.C. No. 95-C-350-J)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary of Health and Human Services in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

**    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Frankie Fowler appeals a district court order[1] affirming the final decision of the Secretary of Health and Human Services (Secretary) denying her application for supplemental security income (SSI) benefits for her minor granddaughter, Presious Frank, for whom Ms. Fowler is legal guardian.  Ms. Fowler claimed Ms. Frank, who was ten years' old at the time of the administrative hearing, was disabled due to attention deficit hyperactivity disorder and learning disabilities.  The administrative law judge (ALJ) denied benefits at step four of the evaluation process, see 20 C.F.R. § 416.924(b),[2] and determined that although Ms. Frank has hyperactivity and an adjustment disorder she did not

---

[1]    The parties agreed that the magistrate judge should enter judgment in this case.  See 28 U.S.C. § 636(c)(1).

[2]    A four step evaluation process is used to determine whether a child is entitled to SSI benefits.  See 20 C.F.R. § 416.924(b).  First, it must be determined whether the child is engaged in substantial gainful activity.  Id. § 416.924(b), (c).  If so, the child is not disabled.  Id.  If the child is not engaged in substantial gainful activity, it must be determined whether the child has a severe impairment.  Id. § 416.924(b), (d).  If not, there is no disability.  Id.  If the child has a severe impairment, it must be determined whether the impairment meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listings).  Id. § 416.924(b), (e).  If a Listing is met, the child is deemed disabled.  Id.  If no Listing is met, the evaluation proceeds to the fourth step, where an individualized functional assessment (IFA) is made.  Id. § 416.924(f).

-2-

have an impairment comparable to that which would disable an adult. The ALJ concluded plaintiff was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

On appeal, Ms. Fowler argues that the ALJ (1) failed to affirmatively link each of his conclusions to substantial evidence in the record; (2) gave no reasons for rejecting the opinions of various doctors; and (3) erred in determining at step four that Ms. Frank did not suffer from impairments of comparable severity to those which would make an adult disabled.[3]

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and review the Secretary's decision to determine only whether it is supported by substantial evidence and whether correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

---

[3] The record indicates that Ms. Fowler raised only the following issues before the appeals council: (1) the ALJ erred in determining Ms. Frank's impairments did not meet or equal the Listings; (2) the ALJ failed to order a consultative examination before a neurologist; and (3) the ALJ failed to place proper weight on the opinion of Ms. Frank's treating physicians. Only one of the issues before us was presented to the appeals council. Nonetheless, we do not apply a waiver rule in this case because the parties did not have notice of James v. Chater, 96 F.3d 1341, 1343-44 (10th Cir. 1996)(holding "issues not brought to the attention of the appeals council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review"), at the time they appealed to the appeals council.

-3-

402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

A child is entitled to SSI benefits if her impairment is as severe as one preventing an adult from working. Sullivan v. Zebley, 493 U.S. 521, 529 (1990)(citing 42 U.S.C. § 1382c(a)(3)(A) & (B)). At step four of a child's SSI claim, the ALJ conducts an IFA, measuring the impact of the impairment on her ability to function independently, appropriately, and effectively in an age-appropriate manner, to determine whether the child's impairment is of comparable severity to that which would disable an adult. 20 C.F.R. § 416.924(f). A school-age child IFA analyzes six different "domains:" cognitive function; communicative function; motor function; social function; personal/behavioral function; and concentration, persistence and pace. Id. § 416.924d(h). A school age child is disabled if she demonstrates that she is markedly impaired in one domain and moderately impaired in another, or that she is moderately impaired in three domains. Id. § 416.924e(c)(2).

The ALJ determined Ms. Frank was moderately impaired in the personal/behavioral function domain, and less than moderately impaired in the

-4-

other domains. Because Ms. Fowler does not allege marked impairment in any single domain, she must demonstrate that the ALJ erred in concluding Ms. Frank is not moderately impaired in at least two other domains as well. Ms. Fowler argues that Ms. Frank is moderately impaired in all domains.

Ms. Fowler maintains that Ms. Frank has a moderate limitation in the cognitive function because her full scale intelligence testing was in the low average range; she was held back one grade; and the ALJ found she had deficits in word knowledge, awareness of basic facts, social standards and practical judgment. Ms. Frank was held back a grade due to frequent moving and loss of school days. Her grades were good. Her third grade teacher stated she stays on level with her work most of the time and is as capable as other students, but refuses to do something if more critical thinking skills are required. Evidence indicating Ms. Frank's grades are good and she is capable of performing at her class level, even if she sometimes requires additional assistance, supports the ALJ's finding that her limitation in the cognitive function was less then moderate. See Counterman v. Chater, 923 F. Supp. 408, 413 (W.D.N.Y. 1996).

Also, Ms. Fowler argues the ALJ erred in finding Ms. Frank was not moderately impaired in the communicative function since she has speech therapy, difficulty with verbal instructions, poor recall of story content, difficulty forming sentences when given words to include in a sentence, and difficulty repeating

sentences without either syntactical or meaning error. Ms. Fowler admitted Ms. Frank's speech was improving with speech therapy. No one indicated Ms. Frank lacked an ability to communicate, and her school grades suggest she does communicate at an age-appropriate level. The ALJ therefore did not err in failing to determine Ms. Frank has a moderate impairment in this domain.

Ms. Fowler further argues the ALJ erred in determining Ms. Frank was not moderately impaired in the motor function, since fine motor function is an area of relative weakness for Ms. Frank. Ms. Fowler testified Ms. Frank cannot wash dishes because she drops them. She conceded, however, that Ms. Frank drops things less then before and her hand coordination is better. Her writing became more legible after she started taking medication. In January of 1993 she was drawing at the level of a nine year old even though her chronological age was eight years and seven months. Tanya Green, M.S.W., reported in September 1992 that Ms. Frank's fine motor movements were within normal limits. As the ALJ recognized, Ms. Frank's motor functions improved with medication. The ALJ did not err in determining she did not have a moderate impairment in this domain.

Ms. Fowler submits Ms. Frank also was moderately limited in the social function domain based on evidence indicating that she has screaming and crying fits when she is disciplined or has difficulty understanding something. Her second and third grade teachers indicated, however, that she gets along well with

her peers and has a variety of friends.  Ms. Fowler indicated on an Activities Report that Ms. Frank gets along well with everyone.  The evidence does not show that Ms. Frank has a moderate impairment in this domain.

Finally, Ms. Fowler argues the ALJ erred in determining Ms. Frank is less than moderately impaired in concentration, persistence and pace.  She points to evidence indicating that Ms. Frank does not have patience to stick to the tasks at hand, has a difficult time sitting still, and her attention deteriorates over time.  Also, Ms. Fowler cites to Dr. Goodrich's IFA, prepared on reconsideration of the initial denial of benefits, which indicated that Ms. Frank is moderately impaired in this domain since she needs extra help on most assignments.  Medication, however, has helped her concentration and attention.  Although Ms. Frank demonstrates some lack of concentration, persistence and pace, her deficits do not reach the level of a moderate impairment.

We disagree with Ms. Fowler's argument that the ALJ did not make adequate findings and did not link his conclusions to substantial competent evidence in the record.  Rather, the ALJ discussed the relevant evidence in light of the six domains and made his findings based on the evidence.  See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(ALJ must give reasons for decision).

Ms. Fowler believes that although medication helped Ms. Frank, it did not control her condition and the ALJ therefore erred in rejecting the evidence and

findings of several doctors. As the district court indicated, the ALJ did not reject any findings of doctors, rather the doctors indicated Ms. Frank's condition was helped with medication. No one indicated that Ms. Frank is disabled. Improvement due to medication is a proper consideration in assessing disability. See 20 C.F.R. § 416.924c(c). Significantly, the regulations state that "[w]ith adequate treatment or intervention, some children not only have their symptoms and signs reduced, but also return to or achieve a level of functioning that is consistent with the norms for their age." Id. § 416.924c(h).

Accordingly, we conclude the ALJ correctly determined that Ms. Frank is able to function in an age-appropriate manner and that she is not disabled under the above legal standard. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge