54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James MILLER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-56444.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided May 17, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Claimant James Miller appeals the decision of the district court granting summary judgment in favor of the Secretary of Health and Human Services (the "Secretary") on Miller's petition for judicial review of the Secretary's denial of disability benefits under Title II of the Social Security Act. Miller contends the Secretary erred by: (1) not according proper weight to the opinion of Miller's treating physician; (2) finding that Miller possessed a residual functional capacity ("RFC") for light work; (3) finding that Miller was not disabled as of his 50th birthday; and (4) failing to consider Miller's combination of impairments in evaluating his claim of disability. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 4
 Miller contends that the Administrative Law Judge ("ALJ") did not accord the requisite weight to the opinion of Miller's treating physician, Dr. John R. Lake, who concluded that Miller was disabled as the result of conditions affecting his foot and spine. The record reveals, however, that Miller did not raise the issue of the weight to be given his treating physician's opinion either in the hearings before the ALJ or in his request for review before the Appeals Council--although Dr. Lake's opinion was noted in the medical records submitted to the ALJ. He has thus waived the issue, and this court need not address it. See Avol v. Secretary of Health & Human Services, 883 F.2d 659, 661 (9th Cir. 1989).
 
 II.
 
 5
 Miller contends that the ALJ erred in finding he had an RFC for light work,[1] arguing the medical evidence showed that, at most, he retained a capacity only for sedentary work. As the district court noted, however, there was substantial evidence in the record to support the ALJ's conclusion, including Dr. Stanley Levine's statement that Miller could do work sitting approximately half the time and standing the other half of the time, provided such work involved a minimum of physical effort. Miller indicated in testimony that he was limited to lifting no more than 20 pounds, implying he could do some light lifting. The ALJ also relied on Miller's own testimony regarding his daily activities, including his work on model airplanes. The ALJ's finding that Miller had an RFC for light work is supported by substantial evidence and is thus not subject to reversal.
 
 III.
 
 6
 Miller contends that even assuming he possessed an RFC for light work, the ALJ nonetheless erred in not finding him disabled as of at least February 3, 1991, Miller's 50th birthday. Miller notes that the ALJ found that Miller had "a limited education with an inability to read." He further notes that an individual who is "closely approaching advanced age" (50-54), limited to an RFC for light work, and illiterate (and with only unskilled or no work experience) is presumptively disabled under 20 C.F.R. Pt. 404, Subpt. P, App.2, Rule 202.9.
 
 
 7
 The ALJ concluded that Rule 202.11 more closely resembled Miller's situation. Under that rule, an individual closely approaching advanced age, with an RFC for light work, previous work experience involving skilled or semi-skilled work (though with no skills readily transferable to other employment) and limited--or less--education[2], is deemed "not disabled." The Appeals Council further relied on Rule 202.12, which adds the applicant's possession of some transferable job skills to the mix of variables covered in Rule 202.11. The Council's finding was based on testimony by Dr. Richard Jones, a vocational expert, that Miller could transfer some skills acquired in his past work as a mechanic to employment in small engine repair--a job existing in significant numbers in the national economy and the San Diego area. Jones' testimony was not contradicted by any other evidence of record. Moreover, Miller himself testified that he had an eighth grade education. He also indicated that he had later finished high school through a correspondence course.
 
 
 8
 Miller's claimed inability to read notwithstanding, it appears the ALJ properly applied the Social Security guidelines for determining disability, taking into account Miller's impairments, age, educational level and past work experience. Moreover, there is substantial evidence in the record to support the ALJ's finding that Miller could perform work other than that involved in his past employment and that jobs involving such work exist in significant numbers in the national economy.
 
 IV.
 
 9
 Finally, Miller contends that the ALJ failed to consider the effect of Miller's combined impairments in determining his RFC. In fact, however, the ALJ's written decision addresses the full range of complaints by Miller, including his orthopedic impairments and his claims of numbness in his hands as well as neck and arm pain. The ALJ also assessed Miller's claims of disability due to alcoholism, noting the absence of evidence as to whether his drinking was controllable. He also noted the diagnosis of a mild dysthymic disorder.
 
 
 10
 It is apparent from this decision that the ALJ did consider Miller's claimed impairments, and the evidence thereof, in combination. He nonetheless concluded that Miller could perform a range of light work and was thus not disabled. This conclusion is supported by substantial evidence in the record.
 
 V.
 
 11
 We AFFIRM the judgment of the district court.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. Sec. 404.1567(b)
 
 
 [2]
 Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through 11th grade level of formal education is limited education. 20 C.F.R. Sec. 404.1564(b)(3)