70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael CLAGG, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2302.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1995.
Decided Nov. 16, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-93-247-3).
 Rose A. Cyrus, Huntington, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Patricia M. Smith, Assistant Regional Counsel, Office of General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Michael Clagg filed a claim with the Social Security Administration for disability benefits under Titles II and XVI of the Social Security Act. Clagg alleged disability to his back and leg after a work-related accident. After his claim and request for reconsideration were denied, Clagg appealed to an Administrative Law Judge ("ALJ"). The ALJ found that Clagg was not disabled under the Social Security Act because, although he could not perform his past job as a carpenter, he had the ability to perform light and sedentary work and could do several jobs identified by the vocational expert. The Appeals Council denied Clagg's request for review, and the ALJ's decision consequently became the Commissioner's final decision.
 
 
 2
 Clagg filed a complaint in the district court challenging the Commissioner's final decision. The district court adopted the report and recommendation of the magistrate judge to grant the Commissioner's motion for summary judgment. This appeal followed.
 
 
 3
 We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 
 4
 We have reviewed the record and considered counsel's briefs. We note that the ALJ made a thorough evaluation of the evidence, and we conclude that the Commissioner's decision is supported by substantial evidence and was based upon correct legal standards. The ALJ properly accorded great weight to the assessment of Dr. Levine, Clagg's treating physician, regarding Clagg's physical limitations. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987). While Dr. Elsner also treated Clagg, the ALJ properly disregarded his opinion in the face of persuasive contradictory evidence from Drs. Levine and Guberman. See Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir.1986).
 
 
 5
 We also note that Clagg waived any claim concerning the vocational expert's alleged failure to rely on the Department of Labor's Dictionary of Occupational Titles in forming his opinion. Clagg's counsel not only failed to raise this claim before the district court, but also failed to object before the ALJ or cross examine the vocational expert on this issue. See Pleasant Valley Hosp. v. Shalala, 32 F.3d 67, 70 (4th Cir.1994) (holding that it is generally inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved). Hence, we decline to review this claim.
 
 
 6
 Clagg similarly waived review of any claim that the district court should have asked the vocational expert more questions about Clagg's limitations. Clagg's counsel had ample opportunity to cross examine the vocational expert and ask these questions herself. In any event, we note that the ALJ's hypothetical was proper in that it fairly set out Clagg's impairments. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). Finally, the district court did not err in refusing Clagg's request for a remand to the Secretary for consideration of new evidence. Clagg failed to establish any reason to believe that the Secretary's decision " 'might reasonably have been different' " had the evidence been presented. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985) (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir.1979)).
 
 
 7
 We accordingly affirm the judgment of the district court. We dispense with oral argument pursuant to our earlier order granting the parties' motion to submit the case on briefs.
 
 
 8
 AFFIRMED.