PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 9/19/96**

TENTH CIRCUIT

---

PATRICIA JAMES,

      Plaintiff-Appellant,

v.

No. 95-2231

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-93-920-JP)

---

Submitted on the briefs:

Gary J. Martone and Francesca J. MacDowell, Albuquerque, New Mexico, for
Plaintiff-Appellant.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health
and Human Services in social security cases were transferred to the Commissioner
of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley
S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in the caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

John J. Kelly, United States Attorney, District of New Mexico, and Ronald F. Ross, Assistant United States Attorney, Albuquerque, New Mexico, Joseph B. Liken, Acting Chief Counsel, Region VI, and Randall Halford, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

Plaintiff appeals from a district court order affirming the decision of the Secretary denying her application for disability insurance benefits (DIB).[1] We review the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Questions of evidentiary weight and witness credibility are the province of the Secretary, whose judgment on such matters is entitled to considerable deference. See Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Upon consideration of the briefs and appellate

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

record in light of these standards, we affirm.  Further, we announce a prospective rule today that should have a significant salutary effect on the administrative prosecution of social security disability claims:  As in other agency adjudications, issues not presented to the Secretary through the administrative appeal process may be deemed waived on subsequent judicial review.

I

The administrative law judge (ALJ) determined that as of December 1988, when plaintiff last satisfied the earnings requirement for entitlement to DIB, she retained the physical and mental capacity to perform her past relevant work as a counselor.  Basically, after inquiring at some length into plaintiff's informal and relatively undemanding counseling activities, see App. at 121-23, 137-41, which, by her own admission, continued into December of 1988 and then ceased due to a lack of business, see id. at 298, the ALJ concluded that plaintiff retained the functional capacity for such work through the period of her DIB eligibility.  Accordingly, the ALJ found plaintiff not disabled at step four of the Secretary's

dispositive sequential analysis.[2]  <u>See generally</u> <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988).

Plaintiff's objections to this administrative decision were thoroughly discussed and thoughtfully rejected in the extensive recommendation issued by the magistrate judge, App. at 41-78, adopted in its entirety by the district court. We have but three brief comments to add on the merits.  First, plaintiff points out that the ALJ did not devote much attention to whether her counseling constituted substantial gainful activity, a prerequisite for its status as past relevant work, <u>Jozefowicz v. Heckler</u>, 811 F.2d 1352, 1355 (10th Cir. 1987).  However, plaintiff's own statements consistently reflect an average work week of fifteen to twenty hours at fifteen dollars an hour, <u>see</u> App. at 138, 178, 265, 267, which gives a monthly income (with evidently minimal overhead expense) nearly four times the presumptive level for substantial gainful activity, <u>see</u> 20 C.F.R. §§ 404.1574(b)(2)(vi) & 404.1575(a)(3), (b)(1), (c)(1).  Second, plaintiff

---

[2]      The ALJ also stated, in passing, that plaintiff could return to work as a secretary as well.  However, unlike the counseling job properly considered by the ALJ, the nature and demands of plaintiff's past secretarial work were neither explored at the evidentiary hearing nor discussed in the ALJ's decision.  Thus, reliance on the latter occupation is precluded by established precedent requiring an informed comparison between past work requirements and the claimant's functional limitations as a condition to any step-four disposition.  <u>See, e.g.,</u> <u>Henrie v. United States Dep't of Health & Human Servs.</u>, 13 F.3d 359, 361 (10th Cir. 1993).  We have therefore reviewed this case solely for the adequacy of the ALJ's determination regarding plaintiff's ability to return to her counseling job.

complains of noncompliance with Social Security Ruling 83-20, because the ALJ did not call a medical advisor to testify regarding onset of disability, specifically with respect to psychological impairment. This argument is frivolous. The cited ruling indicates that such testimony is necessary when the issue is whether "the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." 1983 WL 31249 at *3. Here, there were pertinent examinations both before and after the alleged onset date. Third, we emphasize that there is no problematic inconsistency between the denial of DIB in this case and the award of supplemental security income (SSI) to plaintiff commencing March 14, 1989, in a separate proceeding. Quite apart from the time disparity involved, the two decisions turn on significantly different step-four analyses--i.e., for unexplained reasons, the SSI decision focused on plaintiff's past secretarial employment, to which, it was found, she could not return, and did not address her ability to perform the counseling work crucial to the proper disposition of her DIB application. See App. at 313.

II

We turn now to the procedural matter anticipated at the outset of this opinion. The record indicates counsel did not raise before the Appeals Council any of the particular objections now urged against the Secretary. Counsel evidently declined the option of filing a brief, see 20 C.F.R. § 404.975, electing

instead to rely solely on a summary request for review, which did not address the ALJ's decision at all but merely restated in conclusory terms the basic claim underlying any disability proceeding: "I am disabled and entitled to benefits." App. at 94. Such a statement was plainly inadequate to apprise the Appeals Council of the particularized points of error counsel has subsequently argued in the courts. Cf. Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996)(holding objection that "[t]he Findings of the Secretary . . . are not based on substantial evidence," too general to preserve specific issues for appellate review under waiver rule applicable to proposed findings of magistrate judge).

Ordinarily, issues omitted from an administrative appeal are deemed waived for purposes of subsequent judicial review. See, e.g., McConnell v. Director, OWCP, 993 F.2d 1454, 1460 n.8 (10th Cir. 1993); Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991); Coastal States Energy Co. v. Hodel, 816 F.2d 502, 508 n.10 (10th Cir. 1987). Many circuits have applied this general rule to social security disability adjudications in published opinions, see, e.g., Pope v. Shalala, 998 F.2d 473, 480 n.6 (7th Cir. 1993); Harper v. Secretary of Health & Human Servs., 978 F.2d 260, 265 (6th Cir. 1992); Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th Cir. 1992); Ginsburg v. Richardson, 436 F.2d 1146, 1152 (3d Cir.), cert. denied, 402 U.S. 976 (1971), and/or unpublished dispositions, see, e.g., Clagg v. Chater, No. 94-2302, 1995 WL 679841, at *1 (4th Cir. Nov. 16, 1995);

<u>Miller v. Shalala</u>, No. 93-56444, 1995 WL 299847, at *1 (9th Cir. May 17, 1995). This court has not yet done so.[3]  Given the due process concerns implicated by enforcement of a waiver rule about which the adversely affected party did not have adequate notice, through such means as direct admonition for pro se claimants, <u>see, e.g.</u>, <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir.), <u>cert. denied</u>, 506 U.S. 1038 (1992), or published case law guidance for counsel, <u>see, e.g.</u>, <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58 (2d Cir. 1988); <u>United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.</u>, 828 F.2d 1001, 1006-07, 1008 n.9 (3d Cir. 1987), we have reviewed this appeal on the merits.  We emphasize, however, that this kind of request for administrative review, which does not identify the issues with any particularity, effectively sandbags the Appeals Council.  We are thereby deprived of its informed views on those issues.  Further, had those issues been meritorious, this action could cause a claimant years of delay by requiring her to pursue judicial proceedings to obtain relief which would have been available on administrative appeal.

---

[3]    We did call attention to a social security claimant's failure to raise a due process objection to the Appeals Council in <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996), but in subsequently holding the issue waived, we appeared to rely exclusively on the independent rule barring appellate consideration of "[i]ssues raised for the first time in objections to the magistrate judge's recommendation."  <u>Id.</u> (citing only authorities enforcing latter waiver rule).

This court has on a number of recent occasions recognized that waiver principles developed in other litigation contexts are equally applicable to social security cases. Thus, waiver may result from the disability claimant's failure to (1) raise issues before the magistrate judge, Marshall, 75 F.3d at 1426, (2) object adequately to the magistrate judge's recommendation, Soliz, 83 F.3d at 375-76, (3) preserve issues in the district court as a general matter, Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994), or (4) present issues properly to this court, Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994). In light of the considerations discussed above, we join our sister circuits and extend this line of authority to include the principle of administrative waiver. Henceforth, issues not brought to the attention of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.