**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CARLA M. NOFFSINGER,

　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

　　　Defendant-Appellee.

No. 97-7051
(D.C. No. CV-96-35-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

　　　After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]　　　Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Carla M. Noffsinger appeals an order of the district court affirming the denial of social security disability benefits and supplemental security income benefits at step five of the disability determination, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step analysis set out in 20 C.F.R. §§ 404.1520, 416.920).  We affirm.

## BACKGROUND

Ms. Noffsinger alleges disability from July 6, 1988, due to multiple impairments, including impingement syndrome of the right shoulder, patellar malalignment of the left knee, recurrent bowel obstruction, a seizure disorder, and the resulting pain and limitations.  Ms. Noffsinger, who was 35 years old at the time of her last hearing before the Administrative Law Judge (ALJ),[1] has completed the twelfth grade, taken college courses, and trained as a licensed practical nurse.

---

[1]    Plaintiff testified at two hearings before the ALJ.  After the first hearing, held May 20, 1992, the ALJ issued an order denying benefits.  The Appeals Council reversed and remanded with instructions for the ALJ to obtain additional evidence concerning Ms. Noffsinger's seizure disorder and knee injury and to take testimony from a vocational expert.  The hearing on remand was held November 18, 1993.

At the hearing, Ms. Noffsinger described difficulties in sitting, standing, walking, reaching, and lifting, in spite of surgery on her shoulder and knee. She also gave an account of her bowel obstruction condition, which she said caused chronic abdominal pain, cramping, nausea, and vomiting. Concerning her seizure disorder, Ms. Noffsinger and her husband testified that, in December 1991, she began to have seizures, and, as of the date of the second hearing, she experienced between five and twelve major motor seizures a month, mostly at night.

The vocational expert identified a number of sedentary jobs available in significant numbers in the national economy for a person of Ms. Noffsinger's age, experience, and education, who had restrictions on the use of the right hand, a need to sit or stand at will, and, as seizure precautions, the need to avoid climbing, heights, and moving equipment. The vocational expert testified that the working ability of a person with a seizure disorder is an individualized determination but that, if controlled, such a disorder would not prevent performance as a sales clerk, cashier, bench assembler, production inspector, checker, or examiner. According to the vocational expert, the effect of abdominal problems on the ability to work would also be dependent on the number of episodes a person has during a work day or work week.

Medical records confirm that Ms. Noffsinger has undergone medical and surgical treatment for knee and shoulder impairments and that she has limited

motion in these joints.  Ms. Noffsinger's seizure disorder is also documented, in that the records show a history of childhood petit mal seizures, an abnormal EEG indicating epileptiform discharges in the right posterior hemisphere, and treatment for seizures.  In addition, there is evidence of abdominal problems possibly attributable to small bowel obstruction, for which Ms. Noffsinger was hospitalized in the summer and fall of 1993.

The ALJ found that Ms. Noffsinger had severe impairments "due to status postoperative internal derangement of the left knee and right shoulder, possible recurrent bowel obstruction and seizure activity."  II Appellant's App. at 28. Further, he found that the medical evidence did not support the testimony and statements concerning the severity and frequency of her seizure activity and that the testimony on the extent of her limitations and severity of her pain was not wholly credible.  He decided that Ms. Noffsinger retained the residual functional capacity to do sedentary, semiskilled or unskilled work that did not require more than a minimal amount of standing and walking or involve exposure to dangerous machinery, unprotected heights, or motor vehicle-type equipment.

Considering the testimony of the vocational expert, and using the medical-vocational guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2 (the grids), as a guideline, the ALJ concluded that, during the relevant time period, Ms.

Noffsinger was not disabled. Upon Ms. Noffsinger's request for review, the Appeals Council adopted the ALJ's findings and conclusions.

**DISCUSSION**

On appeal, Ms. Noffsinger argues that the ALJ erred by: (1) assessing her residual functional capacity without giving appropriate weight to the opinions of her treating physicians, and (2) relying on the medical vocational guidelines and the vocational expert's responses to incomplete hypothetical questions to decide that she was not disabled.[2] We review the record to determine whether substantial evidence supports the decision and whether correct legal standards were applied. We do not reweigh the evidence. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Ms. Noffsinger argues that the ALJ did not give sufficient weight to the opinions of her treating physicians at the Rowland Ellis Flatt Clinic on her residual functional capacity. Primarily, she attacks the ALJ's implicit assumption that her seizure disorder was controlled by medication. Ms. Noffsinger points out

---

[2] We note that Ms. Noffsinger did not present these issues to the Appeals Council. Nonetheless, the court will not apply a waiver rule in this case because, at the time she appealed to the Appeals Council, Ms. Noffsinger did not have notice of James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996) (holding "[i]ssues not brought to the attention of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review").

a November 1992 letter from a clinic physician's assistant which states that she continued to have seizures despite treatment and that she was being referred to a seizure clinic.  See II Appellant's App. at 322.

The ALJ, however, viewed this statement in context.  He observed that the record contained no indication of seizure activity during the seventeen days in 1993 that Ms. Noffsinger was hospitalized for abdominal problems.  In fact, the August 10, 1993, discharge summary prepared by Dr. Ted Rowland showed the diagnosis of "SEIZURE DISORDER, CONTROLLED."  Id. at 363.

Dr. Sherman Lawton, a consulting physician, examined Ms. Noffsinger on September 1, 1993, reviewed her medical records, noted that nothing in the records reflected the seizure frequency reported by Ms. Noffsinger and that it would be "highly unusual" for a patient with her history to have this number of seizures, but acknowledged that he had no way of confirming the frequency of seizures.  Id. at 333-35.  On October 5, 1993, Dr. Herbert Rowland wrote a letter, apparently in response to Dr. Lawton's report, repeating Ms. Noffsinger's medical history and stating that he did "not believe that an exam would determine if a person had a seizure disorder or not."  II Appellant's App. at 343.

The ALJ also evaluated the evidence on Ms. Noffsinger's abdominal problems and other impairments.  This evidence included her hospitalization records and Dr. Lawton's summary of these records, as well as two letters from

Dr. Herbert Rowland. On August 17, 1993, he wrote a letter advising of Ms. Noffsinger's recent hospitalization for recurrent bowel obstruction and stating that she "will be disabled for an indefinite period of time." Id. at 332. In his October 5, 1993 letter, however, he stated only that she "will possibly have recurrent problems in the future." Id. at 343. He also proffered a general opinion that he "think[s] that in general, [Ms. Noffsinger] is a poor candidate for employment." Id. at 344.

There is substantial medical evidence, including statements from Drs. Ted and Herbert Rowland, to support the ALJ's findings on the nature and severity of Ms. Noffsinger's impairments. As to a claimant's disability, opinions from treating physicians are not dispositive. Under the applicable regulations, the final responsibility for the determination of residual functional capacity lies with the agency, not a treating or examining source. See 20 C.F.R. §§ 404.1527(e)(2); 416.927(e)(2); Castellano, 26 F.3d at 1029. Because the ALJ considered the opinions expressed by Ms. Noffsinger's treating physicians and provided specific and legitimate reasons for discounting them, he was within his province in declining to give them controlling weight.

Turning to Ms. Noffsinger's second argument, we do not agree that the ALJ improperly relied on the medical vocational guidelines or posed incomplete hypothetical questions to the vocational expert. The ALJ did not decide the

disability issue solely on the basis of the guidelines; he considered all relevant evidence, including the testimony of a vocational expert. See Trimiar v. Sullivan, 966 F.2d 1326, 1332-33 (10th Cir.1992) (explaining role of grids in cases with nonexertional impairments). Further, because the ALJ found that Ms. Noffsinger's testimony on the extent of her limitations was neither completely credible nor supported by substantial evidence, he was not required to include all her complaints in his hypothetical questions. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir.1995) (ALJ's hypothetical questions to vocational expert need only reflect impairments and limitations borne out by the evidentiary record.).

After careful examination of the record, we, like the ALJ, recognize that Ms. Noffsinger does have severe functional limitations. However, the ALJ's determination that she was not disabled within the meaning of the Social Security Act is supported by substantial evidence and based on the application of correct legal standards. Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge