**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAWANA R. MILLER,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

       Defendant-Appellee.

No. 98-7038
(D.C. No. 96-CV-573-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

This case is before us on review of the district court's affirmance of the

Commissioner's denial of benefits.[1]  We first review the many steps the case has

taken en route here.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

Plaintiff applied for disability benefits on December 5, 1990, alleging disability because of mental problems and back pain. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), and he, too, denied benefits. The Appeals Council denied review, and plaintiff appealed to the United States District Court. The district court reversed the Commissioner's final decision and remanded to the Commissioner for further proceedings. The ALJ held two more supplemental hearings and again denied benefits at step five of the sequential analysis, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), finding that plaintiff had the residual functional capacity to perform a wide range of light and sedentary jobs. The Appeals Council issued a letter of conclusion on September 4, 1996, stating that the regulations provided no basis for it to assume jurisdiction. Thus, the ALJ's August 15, 1995 denial of benefits became the final decision of the Commissioner. Plaintiff again appealed to the district court. A magistrate judge recommended that the Commissioner's decision denying benefits be affirmed. The district court adopted the magistrate judge's findings and recommendations, thereby affirming the Commissioner's decision. Plaintiff appeals.

Plaintiff presents three arguments: (1) the ALJ either ignored or failed to demonstrate that he properly considered much of the record evidence, and the

record does not contain substantial evidence supporting his finding that plaintiff retained the capacity to perform the exertional demands of light work; (2) the record does not contain substantial evidence in support of the ALJ's findings concerning the severity of plaintiff's mental impairment for the period of time between 1990 and 1994; and (3) the vocational testimony does not support the ALJ's finding at step five. Like the district court, we review the record to determine whether it contains substantial evidence to support the ALJ's findings and decision that plaintiff is not entitled to disability benefits. *See James v. Chater*, 96 F.3d 1341, 1342 (10th Cir. 1996). Substantial evidence is more than a scintilla; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). We also review the record to assure that the ALJ applied the correct legal standards. *See James*, 96 F.3d at 1342. Guided by these standards, we affirm.

On August 15, 1995, [2] the ALJ found that the medical evidence established plaintiff's scoliosis. The condition was characterized as moderate in severity with intermittent signs of neuroclaudication. Lifting was limited to no more than 25 pounds with the right arm, and sweeping movement and overhead activity on the right side was proscribed. The medical opinions established that plaintiff's stable

---

[2] The ALJ incorporated by reference all the testimony and documented evidence presented at the first administrative hearing into his decision following the second hearing. *See* Appellant's App., Vol. II at 210.

scoliosis was not a source of plaintiff's alleged pain, concluding instead the pain was most probably secondary to muscle tenderness. In his evaluation pursuant to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the ALJ found plaintiff's allegations of pain not credible. He cited the lack of objective medical evidence to support the complaints, irregular medical treatment, lack of significant medical restrictions on activities, and response to medications. Considering this evidence, the ALJ found that plaintiff's subjective complaints about this nonexertional limitation had no significant impact on plaintiff's ability to perform a wide range of light and sedentary jobs. We find substantial evidence in the record supporting these findings.

The ALJ found that plaintiff did not have a severe mental impairment that continued after December 12, 1994. The consultative mental exam showed plaintiff should be able to sustain productivity in work. Plaintiff was off prescription medication, she was attending college and receiving good grades, she reported feeling well, and she had completed her out-patient mental health treatment with a good prognosis. The record contains substantial evidence to support these findings. The record contains substantial evidence, as well, that supports the findings that plaintiff had no nonexertional impairment after December 12, 1994; the ALJ correctly applied the Medical Vocational Guidelines (grids) to determine that plaintiff was not disabled.

-4-

Regarding the period between 1990 and 1994, when plaintiff did have a severe mental impairment, the ALJ found that mental condition limited her residual functional capacity during that time because it required that she avoid extremely stressful situations. The hypothetical posed to the vocational expert at the second hearing properly reflected the following limitations supported by the medical and other documented evidence: "limited to light or sedentary work. Requires a sit/stand option at 15 to 20 minute intervals. Must avoid extremely stressful situations. . . . [N]o working overhead. No sweeping. No exposure to the general public. . . . [N]o repetitive bending, twisting or stooping. . . . [C]apable of understanding, remembering and carrying out simple instructions." Appellant's App. at 271-72. The record contains substantial evidence that supports the ALJ's hypothetical question to the vocational expert.

We also find substantial evidence supporting the ALJ's determination that plaintiff could perform a wide range of light and sedentary work available in significant numbers in the national economy considering her exertional and nonexertional impairments. *See Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (ALJ's questions to vocational expert proper where questions addressed only impairments ALJ found to be supported by substantial evidence). The fact that the vocational expert testimony was obtained before Dr. McGovern's consultative physical exam does not render the expert's testimony improper.

Plaintiff does not suggest that Dr. McGovern's consultative opinion conflicted with the medical evidence already in the record, and, as noted, the record contains substantial evidence to support the ALJ's questioning of the expert.

Contrary to plaintiff's assertion, the ALJ complied with the requirements of assessing plaintiff's residual functional capacity in light of her severe mental impairment. *See Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994). Finally, we are satisfied that the ALJ properly considered all the record evidence in reaching his decision; he discussed the evidence upon which he relied; he is not required to discuss every piece of evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge