Everett G. BARKER, SSN:
236–90–7687, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of
the Social Security Administration,
Defendant.

No. 98–CV–288–J.

United States District Court,
N.D. Oklahoma.

Jan. 27, 1999.

Paul F McTighe, Jr, Tulsa, OK, for
plaintiff.

Peter Bernhardt, United States Attorney, Tulsa, OK, for defendant.

1. This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties'

## ORDER[1]

JOYNER, United States Magistrate Judge.

Now before the Court is Plaintiff's appeal of a decision by the Commissioner of the Social Security Administration ("Commissioner") denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Act. The Administrative Law Judge ("ALJ"), R.J. Payne, denied benefits at step five of the sequential evaluation process used by the Commissioner to evaluate disability claims.

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of medium work and found that, given this RFC, there were significant jobs in the national economy which Plaintiff could perform. On appeal, Plaintiff argues (1) that the ALJ failed to develop the record, (2) that there is no evidence supporting the ALJ's finding that Plaintiff could occasionally lift and carry 50 pounds or frequently lift and carry 25 pounds as required by medium work or that Plaintiff could carry out the frequent bending and stooping required of medium work, (3) that the ALJ misinterpreted the limitations in Plaintiff's shoulders, and (4) that the ALJ failed to consider the additional limitations caused by Plaintiff's weak knees. The Court finds that all of these alleged errors have been waived. Consequently, the Commissioner's decision is *AFFIRMED.*

## I. WAIVER—JAMES v. CHATER

The relevant procedural facts of this case are identical to those in *James v. Chater,* 96 F.3d 1341 (10th Cir.1996). As in *James,* counsel in this case "did not raise before the Appeals Council any of the particular objections now urged against the [Commissioner]. Counsel evidently declined the option of filing a brief, *see* 20

Consent to Proceed Before United States Magistrate Judge.

C.F.R. § 404.975, electing instead to rely solely on a summary request for review...." *James,* 96 F.3d at 1343.

Plaintiff's summary request for review states as follows:

The [ALJ's] decision is inconsistent with evidence of record. The ALJ's actions, findings or conclusions are not supported by substantial evidence.

*R. at 5.* As the Tenth Circuit held in *James,* this type of conclusory statement is "plainly inadequate to apprise the Appeals Council of the particularized points of error counsel has subsequently argued in the courts." *James,* 96 F.3d at 1343.

"[I]ssues omitted from an administrative appeal are deemed waived for purposes of subsequent judicial review." *James,* 96 F.3d at 1343 (citing many cases). None of the issues raised by Plaintiff in this action for judicial review were raised in Plaintiff's administrative appeal before the Appeals Council. Consequently, all of the issues currently raised by Plaintiff have been waived.

The Tenth Circuit specifically held that the waiver rule announced in *James* was to be applied prospectively only, and only when the affected party had notice. *James,* 96 F.3d at 1343–44. According to the Tenth Circuit, notice of the rule could be accomplished by "direct admonition" from the Social Security Administration or through "published case law guidance for counsel." *Id.* Both forms of notice are applicable in this case.

*James* was decided on September 19, 1996. Plaintiff filed his request for review on June 13, 1997. *James* is, therefore, applicable to this case, and there are no retroactivity concerns. At the time Plaintiff's request for review was filed, Plaintiff's counsel had constructive notice of the *James* waiver rule because *James* itself had been a published opinion in the controlling circuit for almost nine months. The direct admonition contained in the ALJ's May 23, 1997 opinion also provided Plaintiff and his counsel with actual knowledge of the *James* waiver rule.

The ALJ's opinion contains the following concluding paragraph:

In the event you appeal this decision to the Appeals Council of the United States Office of Hearings and Appeals, Social Security Administration, recent case law requires the following: (1) any issue upon which you appeal must be ***specifically stated,*** so as to adequately apprise the Appeals Council of the particular points of error alleged to be made by the United States Administrative Law Judge in the decision; (2) it is insufficient to simply state "I am disabled and entitled to benefits" or similar conclusory language when appealing. Such language has been held to be inadequate in apprising the Appeals Council of the error(s) by the United States Administrative Law Judge; (3) failure to state with particularity the issues raised to the Appeals Council on appeal will result in ***waiver of those issues*** should judicial review later be sought before the United States Courts; (4) issues not stated with particularity to the Appeals Council will ***not*** be able to be raised for the first time before the United States Courts. *See, James v. Chater,* 96 F.3d 1341 (10th Cir.1996).

*R. at 19–20* (emphasis in original). This language is clearly sufficient to put Plaintiff and his counsel on notice of the waiver rule announced in *James.*

### CONCLUSION

Plaintiff failed to raise any of the errors asserted in this action for judicial review before the Appeals Council of the United States Office of Hearings and Appeals, Social Security Administration. All of the issues raised in this action are, therefore, waived. Consequently, the decision of the Commissioner is ***AFFIRMED.***

IT IS SO ORDERED.