**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SAMUEL L. MCGOWAN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-7120
(D.C. No. 97-CV-87-S)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Samuel McGowan appeals the district court's affirmance of the final decision of the Commissioner of Social Security denying appellant's application for supplemental security income (SSI) benefits. We affirm.

On August 22, 1991, appellant filed an application for SSI benefits, alleging an inability to work due to kidney stone disease and Boerhives Syndrome (ruptured esophagus). After a hearing, appellant was found not disabled because he could perform a significant number of light and sedentary jobs in the national economy. The Appeals Council remanded the case for further consideration of appellant's possible mental impairment and certain other evidence. At a second hearing, appellant testified that he was addicted to painkillers and that he supported his $30 to $60 a day habit by stealing and selling goods. The administrative law judge (ALJ) concluded that appellant was engaged in substantial gainful activity and therefore was not disabled. The Appeals Council denied review, making the decision final, and the district court affirmed.

On appeal, appellant argues that because he only testified to one year of supporting his drug habit through theft, the ALJ erred in concluding that appellant engaged in substantial gainful activity throughout the period for which he was seeking benefits. Because appellant did not raise this argument to either the magistrate judge or the Appeals Council, we will not consider it on appeal. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding argument raised

for the first time in objections to magistrate judge's findings and recommendation is deemed waived); James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996) (holding issue not raised to the Appeals Council is deemed waived).

Even if we were to consider the argument, however, it would fail, because appellant's report of his illegal activities to consulting psychologist Green did not contain any such temporal limit, see Appellant's App. II at 399, and because the rules state simply that a claimant who is performing substantial gainful activity, as defined, is considered not disabled without requiring that the activity have been performed during the entire pendency of the claim. See 20 C.F.R. § 416.920(a) ("If you are doing substantial gainful activity, we will determine that you are not disabled.") & (b) ("If you are [performing] substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your . . . work experience.").

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

-3-