**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GARY E. GREGORY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5000
(D.C. No. 97-CV-1119-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gary E. Gregory appeals the district court's affirmance of the final decision by the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. We affirm.

In this third application for benefits, filed in June 1992, plaintiff alleges an inability to work due to epilepsy and injuries to his back and knee. In 1993, an administrative law judge (ALJ) determined that plaintiff was not disabled, finding that although he could not perform his former work, he retained the ability to perform a significant number of jobs in the national economy. In 1995, the district court remanded the case to the Commissioner for further proceedings.

At a supplemental hearing, plaintiff testified he was seeking benefits for a closed period between July 1, 1989 and December 6, 1995, when he returned to full-time work. In May 1997, the ALJ first determined that plaintiff was barred by res judicata from seeking benefits for the period before October 25, 1991, based on the denial of his previous applications. The ALJ then concluded that plaintiff was not disabled between October 25, 1991 and December 6, 1995 because during this period he retained the ability to perform a significant number of light and sedentary jobs in the national economy. The Appeals Council denied review, making this decision the final decision by the Commissioner. The district court affirmed, and this appeal follows.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the finding that he could perform light work is contradicted by plaintiff's physicians' opinions limiting him to sedentary work; and (2) the ALJ's primary reason for rejecting plaintiff's testimony regarding side effects from his medication is contradicted by the record. Neither of these issues was argued to the Appeals Council, however. See R. II at 435-39. We held in James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996), that issues not raised to the Appeals Council will be deemed waived and will not be addressed on appeal. We issued this decision in September 1996, almost ten months before plaintiff, represented by his current counsel, appealed the denial to the Appeals Council. Because plaintiff failed to preserve his issues, they are waived, and the Commissioner's decision must be affirmed.

We note that even if we were to consider plaintiff's arguments, they would fail. The ALJ determined that plaintiff could perform light work which allowed him to alternate between sitting and standing every half hour. Dr. Peterson's limitation on plaintiff's prolonged standing does not contradict this finding. Further, although Dr. Milo opined that plaintiff should perform only sedentary work, there is other evidence in the record, including plaintiff's own testimony, that supports the ALJ's finding. See, e.g. , R. II at 561-62, 564 (testifying that during period in question he could stand between one and two hours at a time, and could walk about a mile).

Plaintiff testified he suffered such severe sleepiness from his medication that he could not sit for more than ten minutes without falling asleep, and would even fall asleep standing up. See id. at 556, 565-66. The ALJ rejected plaintiff's testimony based on his failure to report this side effect to his doctors, and based on his ability to do other activities. Although the record does contain occasional complaints of sleepiness, these infrequent reports do not support plaintiff's testimony regarding the severity of his sleepiness. In fact, one of plaintiff's treating physicians, after noting his complaint of lethargy, opined that plaintiff could "go to school or do any kind of vocational training." R. II at 495-96.

In addition, plaintiff's activities during the time he was taking Dilantin belie his complaints. In 1991-92, he completed a commercial electricity class at

-4-

the Central Oklahoma Area Vocational Technical School.  See id. at 423.

Although he often fished for several hours at a time--a sedentary activity--there is

no evidence that he had trouble staying awake while fishing.  Further, although

plaintiff testified he could not have performed his current job before 1995

because of sleepiness,   see id. at 565-66, he nonetheless managed to work from

December 1995 through September 1996, while still taking his medication.  Thus

even if plaintiff's issues had been preserved, the record contains substantial

evidence to support the Commissioner's decision denying benefits to plaintiff.

     The judgment of the district court is AFFIRMED.


                Entered for the Court


                Mary Beck Briscoe
                Circuit Judge