F I L E D
United States Court of Appeals
Tenth Circuit

DEC 2 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BOBBY JOE FLANDERS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 97-2354
(D.C. No. CIV-96-1128-JP)
(D. N.M.)

ORDER AND JUDGMENT *

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Bobby Joe Flanders appeals the district court's order[1] affirming the Commissioner's decision to deny his application for supplemental security income benefits. The Commissioner determined that claimant was not disabled within the meaning of the Social Security Act at step five of the sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). On appeal, claimant contends (1) the Commissioner erred in relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the grids), to determine he was not disabled, (2) the Commissioner failed to consider his impairments in combination, and (3) the Commissioner failed to develop the medical record. We affirm.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

---

[1] The parties proceeded before a magistrate judge. See 28 U.S.C. § 636.

Claimant first alleges his nonexertional impairments of constant pain, side effects of medication, and depression precluded application of the grids. The ALJ found no objective medical evidence of a condition reasonably expected to cause disabling pain and noted that claimant had not sought treatment for severe pain. The ALJ also evaluated the side effects of claimant's medication on his residual functional capacity (RFC), noting that he had not complained to his physician about the side effects and concluding that they did not compromise his RFC. No objective evidence supports claimant's allegation that he suffers from severe depression. Accordingly, because the ALJ determined that claimant's nonexertional impairments did not limit his ability to work, application of the grids was proper. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir. 1994) (affirming application of grids where ALJ rejected alleged nonexertional impairment).

Claimant next asserts that the Commissioner failed to consider the combination of his impairments on his ability to work. The ALJ specifically stated that claimant "has experienced work-related limitations due to the combined effects of his hypertension medications, his diabetes mellitus, and occasional flareups of gout in his big toes." Aplt. App. vol. II at 12 (emphasis added). Claimant complains that the ALJ did not also factor in his pain, depression, and renal insufficiency. The ALJ found no objective evidence of

these conditions and therefore was not required to consider their effect on claimant's RFC. Accordingly, the Commissioner's evaluation of the combination of claimant's impairments is supported by substantial evidence.

Claimant next argues that the ALJ ignored the medical evidence of record concerning his kidney disease and pain. The ALJ's findings that those conditions did not limit claimant's RFC are supported by substantial evidence in the record considered as a whole. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995) (reviewing court examines administrative record as a whole). Claimant also alleges that the ALJ improperly failed to order new medical records, but this argument was not presented to the district court. [2] Absent compelling reasons, especially when claimant was represented by counsel, we do not address arguments not raised in the district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Nevertheless, the argument is without merit. Before an ALJ is obligated to obtain additional evidence, there must be "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." Hawkins, 113 F.3d at 1167. Claimant

---

[2] Claimant also failed to present this issue to the Appeals Council, but we do not deem it waived for that reason. At that time he did not have notice of James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996) (holding issue not raised to Appeals Council henceforth may be deemed waived).

did not produce "evidence sufficient to suggest a reasonable possibility that a severe impairment exists;" consequently, the ALJ was not required to obtain additional medical or psychological information.    Id.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge
