F I L E D
United States Court of Appeals
Tenth Circuit

MAY 20 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RUTH A. HOLLIDAY,

        Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Secretary,
Department of Health and Human
Services of the United States,

        Defendant-Appellee.

No. 98-2204
(D.C. No. C.V.-97-569-LH)
(D. N.M.)

ORDER AND JUDGMENT   *

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

Plaintiff applied for disability insurance benefits and supplemental security income benefits on November 4, 1994, alleging disability since June 19, 1991, resulting from back and shoulder pain. After her application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

judge (ALJ). The ALJ decided that plaintiff was not disabled and denied the application for benefits. The Appeals Council denied review. Plaintiff appealed the ALJ's decision, and the district court affirmed the Commissioner's denial of plaintiff's application for benefits.

Plaintiff now appeals the district court's affirmance of the Commissioner's denial of her application for benefits. [1] "We review the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence" and whether he applied the correct legal standards. *James v. Chater*, 96 F.3d 1341, 1342 (10th Cir. 1996). We affirm.

In her brief on appeal, plaintiff alleges the following points of error: (1) the ALJ incorrectly determined that plaintiff's past work as a part-time substitute teacher constituted substantial gainful activity, thus the work could not be considered past relevant work, and, therefore, the conclusion that plaintiff could perform her past relevant work as a substitute teacher was error; (2) the ALJ did not make the required findings as to the demands of the work and plaintiff's ability to meet those demands despite her impairments; (3) the ALJ improperly exaggerated plaintiff's daily activities in his analysis; and (4) the ALJ

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

improperly evaluated and discounted plaintiff's allegations of pain. In his opposition to the magistrate judge's proposed findings and recommended disposition, plaintiff only specifically objected to the finding that plaintiff's past work as a part-time substitute teacher was substantial gainful activity and, as such, qualified as past relevant work. Plaintiff made no other specific objection to the magistrate's findings and recommendation, and, consequently, the only issue preserved for this appeal is whether the ALJ was correct in finding that the part-time substitute teacher work was substantial gainful activity. *See Soliz v. Chater,* 82 F.3d 373, 375-76 (10th Cir. 1996). In the last sentence of plaintiff's opposition to the magistrate's report, she stated that she also reiterated the arguments advanced in her brief before the district court. This very general reference to previous allegations was insufficient to preserve the arguments not specifically addressed in her opposition to the magistrate's report. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ( requiring specificity in objection to magistrate's report and recommendation "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance"). Finally, the interests of justice do not, in this case, keep us from applying the procedural bar of waiver. *See id.* at 1060-61.

Plaintiff argues that the ALJ's characterization of her part-time substitute teacher work as substantial gainful activity was error. As a result, she argues, the ALJ's characterization of the substitute teacher experience as past relevant work was also error. *See James*, 96 F.3d at 1343 (recognizing that work must be substantial gainful activity to be considered past relevant work). Plaintiff contends, therefore, that the ALJ erred in his ultimate finding that plaintiff could return to her past relevant work of substitute teaching.

Past relevant work is work that occurred within the past fifteen years, was of sufficient duration to enable the worker to learn the job, and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a); 416.965(a). Substantial gainful activity is defined in the regulations as "work that (a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done . . . for pay or profit." *Id.* at §§ 404.1510; 416.910. The regulations also provide average income guidelines to assist in the determination of whether work was substantial gainful activity. For work performed between 1979 and 1990, the time period during which plaintiff worked as a substitute teacher, if the employee's earnings averaged more than $300 a month, that is an indicator that the work was substantial gainful activity. *See id.* at §§ 404.1574(b)(2)(vi); 416.974(b)(2)(vi). It is clear that "work may be substantial even if it is done on a part-time basis." *See id.* at §§ 404.1572(a); 416.972(a).

The record in this case shows that plaintiff worked three days a week as a substitute teacher from 1981 to 1984, earning $5.00 an hour. Plaintiff acknowledges that "in 1984 such earnings, even though part time, constituted [substantial gainful activity]." Appellant's Br. at 7. She maintains, however, that her "ability to work from 1980 to 1984 and earn $480 a month does not now constitute substantial gainful activity." [2] *Id.* Plaintiff misses the point. Whether her work as a substitute teacher currently qualifies as substantial gainful activity is relevant to determine whether the job can be considered past relevant work. Past relevant work necessarily implies that the work was done in the past, and is not necessarily being done now. The earnings guidelines are relevant to the particular time frame in which the job was performed. That is precisely why the guidelines give different monetary values to different time periods. Plaintiff performed the work between 1979 and 1990, and the average earning figure for that time frame is the amount relevant in determining whether the job qualified as past relevant work. The ALJ correctly determined that plaintiff's part-time work as a substitute teacher earning $480 a month was substantial gainful activity and, therefore, could be considered past relevant work. AFFIRMED.

---

[2] The guidelines provide that if earnings averaged more that $500 a month for calendar years after 1989, the employee engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(b)(2)(vii); 416.974(b)(2)(vii).

Entered for the Court


Carlos F. Lucero
Circuit Judge