**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL R. LOWE,

　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

　　　　Defendant-Appellee.

No. 99-7104
(D.C. No. 98-CV-417-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Michael R. Lowe appeals the district court's decision affirming the Commissioner of Social Security's denial of benefits at step four of the sequential evaluation process, finding that claimant retained the residual functional capacity (RFC) to perform his past relevant work. [1] See 20 C.F.R. § 404.1520 (describing five-step evaluation process); Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (same). Exercising jurisdiction pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings consistent with this order and judgment.

Claimant applied for social security benefits under Title II of the Social Security Act on September 5, 1996, alleging that he was disabled as of July 16, 1996, based on leg pain, psoriasis, shortness of breath, and associated problems. On the date of the ALJ's decision now under review, claimant, a high school graduate, was forty one years old, and had worked as a driver, policeman, farm manager, hand tool (wrench) assembler, and painter.

The Commissioner denied claimant benefits initially, on reconsideration, and after a de novo hearing was held before an administrative law judge (ALJ) on July 17, 1997. Thereafter, the Appeals Council denied claimant's request for review and he filed this action in federal court. On the magistrate judge's

---

[1] The ALJ also made an alternate finding at step five that, assuming claimant could not perform his past relevant work, there was other work that he could perform. See Appellant's App. at 24-25.

-2-

recommendation, the district court affirmed the Commissioner's denial of benefits.

We review the Commissioner's decision for substantial evidence in the record and to ascertain whether the Commissioner applied the correct legal standards. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). "[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (further quotation omitted).

Claimant's relevant medical history is as follows. Claimant suffers from psoriasis and cellulitis (skin disorders), has had two strokes with related transient paralysis, and has had blood clots in his neck and stomach. Claimant has also been diagnosed with a number of other conditions including anemia, chronic vascular disease, hypoalbuminemia, abnormal gastric folds, and/or Menetrier's disease. [2] See Appellant's App. at 117. Claimant was hospitalized twice for his

_____

[2] Menetrier's disease is defined as "gastric mucosal hyperplasia, either mucoid or glandular." Stedman's Medical Dictionary 500 (26th ed. 1995).

conditions; in February 1996, following a stroke, and a second time in April 1996, primarily for cellulitis. He continued to work, however, until July 16, 1996.

Claimant raises the following issues on appeal: (1) the ALJ failed to evaluate the medical evidence properly; (2) claimant does not have the RFC to perform substantial gainful activity; (3) claimant meets the listings; and (4) the ALJ's credibility analysis is wrong. We address first claimant's listings argument.

### Listings

"At step three, the ALJ determines whether the claimant's impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges as so severe as to preclude substantial gainful activity." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996) (quotation omitted). The ALJ found that "claimant's impairment(s) neither meet nor equal the criteria of any impairment in the Listing of the Impairments." Appellant's App. at 25. Because the ALJ did not specify what listings he considered, it is difficult to review that determination. See Clifton, 79 F.3d at 1009 (stating "bare conclusion" that a claimant does not meet a listing is "beyond meaningful judicial review").

On appeal, claimant contends that he should be presumed disabled under the listing found at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.08. The Commissioner argues that claimant did not raise this argument below, and

therefore waived it pursuant to James v. Chater, 96 F.3d 1341 (10th Cir. 1996), in which this court held that "issues not brought to the attention of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review." [3] Id. at 1344.

We need not decide whether claimant sufficiently preserved his listings issue before the Appeals Council because the Supreme Court's recent decision in Sims v. Apfel, No. 98-9537, 2000 WL 712806 (U.S. June 5, 2000), eliminates James's administrative issue exhaustion requirement, thereby overruling that decision. See Sims, 2000 WL 712806, at *2 (holding that "a claimant pursuing judicial review has [not] waived any issues that he did not include in [the] request" for Appeals Council review of the ALJ's denial of benefits). [4] Accordingly, claimant has not waived his listings argument.

---

[3]    Claimant's brief to the Appeals Council states as follows:

   Claimant next argues that his psoriasis and aortic stenosis meet the listings. The record reflects his aortic stenosis has caused claimant to lose a significant amount of weight. Likewise, his psoriasis has a significant impact on his feet. Claimant submits the medical evidence establishes that he meets the listings, and therefore, he is presumed disabled.

Appellant's App. at 176.

[4]    The Supreme Court's decision in Sims has majority, plurality, concurring and dissenting opinions. Despite this fragmentation, the majority opinion unequivocally holds that there is no administrative issue exhaustion requirement at the Appeals Council level on which judicial review is conditioned.

The listing claimant raises relates to weight loss and gastrointestinal (GI) problems and provides, in relevant part, as follows:

> 5.08 *Weight loss due to any persisting gastrointestinal disorder:* (The following weights are to be demonstrated to have persisted for at least 3 months despite prescribed therapy and expected to persist at this level for at least 12 months.) With:
>
> A.     Weight equal to or less than the values specified in table I [men] or II [women]; or
>
> B.     Weight equal to or less than the values specified in table III [men] or IV [women] and one of the following abnormal findings on repeated examinations:
>
>> 1.     Serum albumin of 3.0 gm. per deciliter (100 ml.) or less; or
>> 2.     Hematocrit of 30 percent or less[.]

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 5.08.

In order to meet the listing, claimant must "meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (noting further that "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify"). Although the ALJ questioned claimant about his low weight and GI problems, he did not discuss either in his decision. See Appellant's App. at 44-45.

Claimant is 5'7" and, accordingly, to meet the requirements of table I he must weight 106 pounds or less. See § 5.08, Table I. To meet the requirement of table III, he must weigh 112 pounds or less, see id. at Table III, in combination

with one of the other criteria enumerated in the listing. The medical evidence in the record shows that claimant weighed between 104 and 107 pounds during his hospitalization in April 1996, see Appellant's App. at 123, 125; 106 pounds on May 3, 1996, see id. at 146; 105 pounds on July 24, 1996; see id. at 161; between 105 and 108 pounds in August 1996, see id. at 156-59; and 106 pounds on September 3, 1996, see id. at 156. At the July 1997 hearing, claimant testified that he weighed between 95 and 100 pounds and that he had weighed less than 110 pounds for approximately one year. See id. at 34. In addition, on the date of his hospital admission in February 1996, claimant's hematocrit level was 20.2, see id. at 98, and his serum albumin was 2.2, see id. at 99. On April 17, 1996, his albumin level was 1.8. See id. at 126. Claimant's April 1996 hospital records seem to indicate that his hematocrit level had improved since his February 1996 hospitalization. See id. at 121 (stating somewhat cryptically that claimant's "hematocrit has improved to 11.8 and 36.1").

Claimant's documented weights and his testimony demonstrate his weight was below that specified in table III of the listing for at least twelve months, but not below that specified in table I. See § 5.08, Tables I & III. On the record before us, however, we cannot determine whether his low albumin and/or hematocrit levels were expected to persist for a period of twelve months. See id. at § 5.08. Nor can we determine whether claimant followed a particular therapy

for three months related to his low weight, GI, and low albumin and/or hematocrit problems, despite which the problems persisted. See id. Hence, we remand for further consideration of the listing(s); the ALJ should consider whether claimant's impairments meet or equal the listings (either § 5.08 or any other listing that may be applicable). In doing so, the ALJ should develop the record on claimant's weight loss, GI, and low albumin and/or hematocrit problems, as appropriate, including, if necessary, a consultative examination. See 20 C.F.R. § 404.1519a(b) ("A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim."); Hawkins , 113 F.3d at 1166 (acknowledging Commissioner's "broad latitude in ordering consultative examinations" and stating further "where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary").

## Medical Evidence

Claimant argues that the ALJ did not properly evaluate the medical evidence in the record. We agree to the extent the ALJ failed to consider the evidence in the record relating to claimant's weight loss, low albumin and/or hematocrit levels, and GI problems, in combination with his other impairments. On remand, if the ALJ does not find claimant impaired under the listings, the ALJ will have to consider whether claimant is impaired at a subsequent step of the sequential evaluation process. This will entail considering all of claimant's medical evidence. Clifton, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontraverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Accordingly, if the ALJ proceeds past step three, the ALJ must "set out his specific findings and his reasons for accepting or rejecting evidence." Id.

## RFC

Based on our disposition on appeal, we need not reach claimant's argument that the ALJ committed reversible error in finding he has the RFC to perform substantial gainful activity. We note, however, that should the ALJ proceed past step three, there will have to be a new RFC determination, reflecting any new findings elicited in conjunction with the ALJ's consideration of claimant's listing argument. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991)

("A claimant's . . . impairment must also be evaluated in combination with the effects of other impairments.").

Credibility

To be disabling, pain must be severe enough--either by itself or in combination with other impairments--to preclude any substantial gainful employment. See Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986). This court has enumerated for consideration the following factors when analyzing a claimant's pain evidence:

> (1) [W]hether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992) (citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987)). Objective evidence includes physiological and psychological evidence that can be verified by external testing. See Thompson v. Sullivan, 987 F.2d 1482, 1488-89 (10th Cir. 1993). Subjective evidence comprises statements from the claimant and other witnesses that are evaluated on their credibility. See id. at 1489.

The ALJ's decision states that he considered claimant's allegations of pain and other limitations pursuant to 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.

-10-

<u>See</u> Appellant's App. at 23. He found the allegations "not fully credible because, but not limited to, the objective findings, or the lack thereof, by treating and examining physicians, the lack of medication for severe pain, the frequency of treatments by physicians and the lack of discomfort shown by the claimant at the hearing." <u>Id.</u> The ALJ noted further "more specifically, the claimant is not credible because he was able to work after his 'stroke,' etc., and quit only when he developed cellulitis on his left foot." <u>Id.</u> The ALJ specifically noted that claimant's skin condition was clearing and he had not sought any further medical treatment. <u>See</u> <u>id.</u> at 23. Under the standard set forth above, the ALJ's pain determination is supported by substantial record evidence. We note, however, the ALJ may have to reconsider his pain determination on remand, if the record so requires.

For the foregoing reasons we AFFIRM in part, REVERSE in part, and REMAND the case for further proceedings as necessary.

Entered for the Court

David M. Ebel
Circuit Judge

-11-